**Husch Blackwell LLP**
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016

**Ian M. Fischer** (State Bar No. 026239)
**Jamie L. Halavais** (State Bar No. 029674)
**Claire E. F. Eichmann** (State Bar No. 035945)
Telephone:  480.824.7890
Email:  ian.fischer@huschblackwell.com
Email:  jamie.halavais@huschblackwell.com
Email:  claire.eichmann@huschblackwell.com
*Attorneys for Monsanto Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Eduino N. Pinheiro,<br>        Plaintiff,<br>v.<br>Monsanto Company,<br>Defendant. | Case No.<br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Eduino N. Pinheiro v. Monsanto Co.*, bearing case number CV2020-055746, from the Superior Court of Maricopa County, Arizona to the United States District Court for the District of Arizona.  Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**Introduction**

1. In this products liability lawsuit, Plaintiff Eduino Pinheiro sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  Since 1974,

when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020. Nevertheless, Plaintiff alleges that he developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

**Background and Procedural History**

4. Plaintiff commenced this lawsuit in the Superior Court of Maricopa County, Arizona by filing a Complaint, captioned *Eduino Pinheiro v. Monsanto Co.*, case number CV2020-055746, on or about November 9, 2020 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action (and other filings available from the state court's files) are attached collectively as **Exhibit 1**. Plaintiff seeks damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 1, 37-38, 50, 52-53, 65, 67, 76.

**Basis for Removal – Diversity Jurisdiction**

6. Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the State of Arizona and/or the State of California. *See* Complaint ¶¶ 6, 8, 50.

2

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Complaint ¶ 9. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs. Moreover, Plaintiff alleges that his damages qualify this lawsuit for Tier 3 – *i.e.*, $300,000 or more – based on the tiered discovery limits required by the Arizona Rules of Civil Procedure. Complaint ¶ 7; *see also* Ariz. R. Civ. P. 8(b)(2), 26.2(c)(3) (requiring parties to plead a damages tier and defining the tiers).

9. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Procedural Requirements**

10. The Superior Court of Maricopa County, Arizona is located within the District of Arizona. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received notice of process in the State Court Action on November 18, 2020. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of November 18, 2020.

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Superior Court of Maricopa County, Arizona and will be promptly served on Plaintiff.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

**Conclusion**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: December 8, 2020

    Respectfully submitted,

    **HUSCH BLACKWELL LLP**

    By:/s/ *Ian M. Fischer*

    Ian M. Fischer
    Jamie L. Halavais
    Claire E. F. Eichmann
    2415 E. Camelback Rd. Suite 500
    Phoenix, AZ 85016
    Tel: 480-824-7890
    Fax: 480-824-7905
    ian.fischer@huschblackwell.com
    jamie.halavais@huschblackwell.com
    claire.eichmann@huschblackwell.com

    *Attorneys for Monsanto Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2020, I electronically submitted the above document to the Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registered users in this case and mailed a copy to the below by U.S. Mail:

Michael C. McKay, Esq.
**MCKAY LAW, LLC**
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85250
Tel: 480-681-7000
Email mmckay@mckaylaw.us
Attorney for Plaintiff

                                                   /s/ *Ian M. Fischer*